## Liever v. London Assurance Corporation.

*Affidavit of defence—Precision required in averments—Automobile theft insurance.*

1. In an action on an insurance policy indemnifying the plaintiff against loss by theft of an automobile, where the statement avers that the automobile was stolen from plaintiff "without any act or design or procurement on his part or in consequence of any fraud or evil practice done or suffered by him," an averment in the affidavit of defence is insufficient which denies that the automobile was stolen from him and suggests that, if stolen, the theft may have been accomplished through his own "act or design or procurement;" there must be a distinct specification of such act or procurement, if relied on.

*Affidavit of defence—Denial of averments of damage—Precision required.*

2. In an action for loss of an automobile, where plaintiff avers that loss was in excess of $4000, an averment in the affidavit of defence that the automobile was not worth $4000 is insufficient, unless coupled with a statement of value to indicate whether or not a substantial difference exists between what defendant claims was the actual value and that averred in the statement.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 594.

*B. R. Cohn*, for plaintiff; *Swartz & Campbell*, for defendant.

MARTIN, P. J., Jan. 25, 1922.—Suit was instituted to recover upon a policy of insurance indemnifying the plaintiff against loss occasioned by theft of an automobile. The statement of claim, to which a copy of the policy of insurance is attached, avers that the automobile "was stolen from plaintiff without any act or design or procurement on his part, or in consequence of any fraud or evil practice done or suffered by him," and avers that he has suffered a loss in excess of $4000, the amount for which the automobile was insured.

An affidavit of defence and a supplemental affidavit were filed, in which the contract of insurance and ownership of the automobile is admitted, but that the automobile was stolen "from the plaintiff without any act or design or procurement on his part" is denied. There is also a denial that "plaintiff sustained loss in excess of the sum of $4000," and an averment "that the automobile at the time of the alleged theft was not worth $4000," that the plaintiff falsely and fraudulently misrepresented to the defendants the cost of the automobile, "and informed defendant that this cost with equipment was $4400, whereas the entire cost of the automobile with equipment was less than that amount."

The allegations and denials are not made with the precision and detail required. The policy by its terms indemnified the insured against theft, and provided that the automobile should be valued at the sum insured.

The denial that the automobile was stolen from plaintiff is coupled with a limitation, suggesting that, if stolen, the theft may have been accomplished through the "act or design or procurement upon the part of the plaintiff;" but there is no attempt to specify such "act or procurement."

The denial that plaintiff sustained a loss in excess of $4000, and the averment that the automobile "at the time of the alleged theft was not worth $4000," is not coupled with any statement of value to indicate whether or not a substantial difference exists between that which defendant claims was the actual value and that averred in the statement of claim.

The affidavits are evasive, not specific, and insufficient to prevent the entry of judgment. Rule absolute.